{¶ 1} Appellant, Paul Robinson, appeals the judgment of the Cuyahoga County Court of Common Pleas that accepted his plea of no contest and found him guilty of the charged offenses. Robinson claims the court abused its discretion by accepting an invalid plea, by refusing to permit him to withdraw his plea, and by failing to order a competency examination prior to accepting his no contest plea. For the reasons stated herein, we affirm.
 {¶ 2} Robinson was charged with and convicted of the following four counts: (1) attempted murder in violation of R.C. 2903.02; (2) felonious assault in violation of R.C. 2903.11; (3) kidnaping in violation of R.C.2905.02; and (4) domestic violence in violation of R.C. 2929.25. Each of the first three counts included a notice of prior conviction and a repeat violent offender specification. At his arraignment, Robinson pleaded not guilty to all counts.
 {¶ 3} The case was called for trial on October 30, 2006. The trial court judge engaged in a lengthy dialogue with Robinson over the course of two days concerning whether Robinson wished to plead to the charges or proceed to trial. During the course of this dialogue, the court made various indications as to what sentence Robinson would receive if he entered a plea. As the possible sentence was discussed, Robinson wavered back and forth over whether he wished to enter a plea. *Page 4 
 {¶ 4} On the evening between the two days of dialogue, Robinson made a suicide attempt, which resulted in defense counsel's request for a competency referral. The trial court proceeded to make a record on the issue and concluded that Robinson was competent. No objection was made to the court's competency finding.
 {¶ 5} Robinson also indicated that he needed his "psych medication." The judge stated that the jail had a standing order to dispense Robinson's medications and that the court would make sure he received any medications that were to be dispensed that day.
 {¶ 6} After further discussions as to whether Robinson was going to enter a plea, defense counsel stated that Robinson wished to go to trial. The trial court called in the prospective jury, and jury selection began. Following a recess, Robinson indicated that he wished to plead to the indictment. The judge informed Robinson that he would be sentenced on the spot and that the judge would not guarantee the duration of the sentence. Robinson indicated that he understood.
 {¶ 7} Following a Crim.R. 11 colloquy, Robinson entered a plea of no contest to all of the charges. The court then asked the state to place the factual basis for the plea upon the record. After the state's recitation of the facts, the court found Robinson guilty of the charges.
 {¶ 8} For purposes of sentencing, the victim made a statement on the record. Thereafter, defense counsel indicated that Robinson wished to withdraw his plea *Page 5 
and go to trial. The judge denied this request stating, "we're not playing that game." The judge further reiterated that Robinson had entered a no contest plea and the court had found him guilty of the charges.
 {¶ 9} Robinson stated that the statements made against him were not true and that there were "certain things I didn't do that I'm being charged with." However, upon the advice of counsel, Robinson did not state anything further. When asked whether he accepted any responsibility for his behavior, Robinson stated that he accepted responsibility for "what I've taken these people through especially what me and [the victim] went through. A lot of things aren't true what happened what was said, but regardless of the fact, I feel remorse for what I do know that happened."
 {¶ 10} The judge again stated that Robinson was not withdrawing any plea. The trial court proceeded to sentence Robinson to a total period of incarceration of fifteen years.
 {¶ 11} On November 7, 2006, Robinson filed a motion to withdraw his no contest plea. The trial court denied the motion.
 {¶ 12} Robinson timely appealed and has raised two assignments of error for our review. His first assignment of error provides the following: "The trial court abused its discretion by accepting the appellant's invalid plea."
 {¶ 13} Under his first assignment of error, Robinson argues that the trial judge bullied him into entering his plea and that, under the circumstances of this case, his *Page 6 
no contest plea was not a knowing, intelligent and voluntary plea. Robinson further argues that the trial court should have allowed him to withdraw his plea prior to sentencing.
 {¶ 14} The Due Process Clauses of both the United States and Ohio Constitutions require that guilty or no contest pleas be made knowingly, intelligently, and voluntarily. Parke v. Raley (1992), 506 U.S. 20,28-30; State v. Engle (1996), 74 Ohio St.3d 525, 527, 1996-Ohio-179. If the defendant does not knowingly, intelligently, and voluntarily plead guilty to an offense, then the plea is void. State v. Shuttlesworth
(1995), 104 Ohio App.3d 281, 285.
 {¶ 15} The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 is substantial compliance. State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92-93. "A plea is in substantial compliance with Crim.R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." State v. Walker (Sept. 29, 1994), Cuyahoga App. No. 65794, citing State v. Rainey (1982), 3 Ohio App.3d 441, at paragraph one of the syllabus.
 {¶ 16} Our review of the record reflects that the trial court did not force Robinson into entering a plea. Rather, the record reflects that the trial court continually offered Robinson the option of entering a plea or proceeding to trial. Robinson's indecision resulted in a two-day discussion of the matter. While we *Page 7 
recognize the trial judge gave this defendant wide latitude in deciding whether to enter a plea, it may have been more efficient for the court to take a more direct approach with Robinson. Further, the trial judge, apparently frustrated by delays in resolving the case, may have exacerbated the situation, rather than resolving it, by engaging the defendant in such protracted dialogue.
 {¶ 17} Insofar as Robinson claims that his plea was not a knowing, intelligent and voluntary plea, from the record before us it is evident that the trial court informed appellant of the consequences of his guilty plea and did not accept his plea until it determined that the guilty plea was entered voluntarily and knowingly. The trial court engaged in a Crim.R. 11 colloquy with Robinson. The judge asked Robinson if the plea was entered freely, voluntarily and knowingly, to which Robinson responded affirmatively. Robinson also stated that the plea was entered of his own free will, that nobody had forced him to enter the plea, that he was aware he could continue with trial, and that he entered his plea with full knowledge of what was taking place. The judge informed Robinson that he would be facing five years of post-release control and that the judge would sentence Robinson to an "appropriate sentence."
 {¶ 18} Although Robinson indicated that he was taking "psych medication" (Sinequan), a defendant is not incompetent merely because he or she is receiving psychotropic drugs. See State v. Ketterer,111 Ohio St.3d 70, 76, 2006-Ohio-5283; State v. Harney (May 1, 1997), Cuyahoga App. No. 71001. "A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the *Page 8 
charges against him and of assisting counsel." State v. Harney, supra, quoting State v. Bock (1986), 28 Ohio St.3d 108, 110. In this case, Robinson positively indicated that he understood the proceedings and the terms to which he could be sentenced. Robinson also understood that the judge was not making any promises or deals with him. He was able to clearly communicate with the court and counsel throughout the course of the proceedings.
 {¶ 19} Robinson further states that he indicated that he felt he was not 100 percent competent and had requested a competency referral. However, the record does not contain any objection to the trial court's competency determination. As such, the issue can only be reviewed for plain error. Crim.R. 52(B).
 {¶ 20} R.C. 2945.37 states that a criminal defendant is presumed competent to stand trial unless it is established that he is unable to understand the nature of the proceedings and cannot assist in his defense. State v. Swift (1993), 86 Ohio App.3d 407, 411. The record in this case shows that the trial court engaged in ongoing discussions with Robinson in order to ensure that a voluntary and intelligent decision was made. Indeed, the record reflects that Robinson clearly responded to the questioning of the court, and following discussions with the judge, Robinson indicated his willingness to plead. The trial court was able to observe Robinson throughout the course of these proceedings and found that Robinson was competent to enter a plea of no contest. Likewise, we find that the record contains sufficient assurances of Robinson's competence to enter a plea. Upon our review, we *Page 9 
conclude that the trial court substantially complied with Crim.R. 11 in determining whether Robinson's plea was knowing, intelligent, and voluntary. We find no error in the trial court's determination.
 {¶ 21} Robinson also argues that the trial court abused its discretion in denying his pre-sentence motion to withdraw his plea. Robinson correctly observes that "a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992),62 Ohio St.3d 521, 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. * * * The decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id., at paragraphs one and two of the syllabus.
 {¶ 22} Under the circumstances of this case, we hold that the trial court sufficiently addressed Robinson's oral motion to withdraw his plea and did not abuse its discretion in denying the motion. Every motion to withdraw a guilty plea necessarily includes a "change of heart," but it is clear that a mere change of heart, without some additional justification, is not a sufficient ground for the withdrawal of a guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102. Here, while Robinson indicated after the victim's statement that certain things were not true, Robinson proceeded to accept responsibility for what "I do know that happened." Further, *Page 10 
Robinson did not offer any additional justification for the plea withdrawal request. We find no abuse of discretion in the trial court's determination.
 {¶ 23} Robinson's first assignment of error is overruled.
 {¶ 24} Robinson's second assignment of error provides as follows: "The trial court abused his discretion by failing to order a competency examination prior to the accepting of the appellant's no contest plea."
 {¶ 25} Robinson claims that the trial court should have ordered a competency examination in this matter. He states that the record reflects that he had made a suicide attempt, he was taking medication, and he had expressed that he was not totally coherent or competent at the time of entering his no-contest plea.
 {¶ 26} A defendant is competent if he has sufficient present ability to consult with his lawyer with a reasonable degree of understanding and has a rational as well as factual understanding of the proceedings against him. State v. Were (2002), 94 Ohio St.3d 173, 174,2002-Ohio-481. A defendant is presumed competent to enter a plea. R.C.2945.37. However, R.C. 2945.37 requires trial courts, when a defendant's competency is raised prior to trial, to provide a hearing on the matter. Nevertheless, it has been held that the failure to hold a mandatory competency hearing is harmless error when there is no sufficient indicia of incompetence. State v. Bock, 28 Ohio St.3d at 110.
 {¶ 27} In this case, upon defense counsel's request for a competency referral, the trial court proceeded to make a record on the issue. The judge stated as follows: *Page 11 
 "I've been presiding over this case for some months now and Mr. Robinson has been what I consider to be a recalcitrant defendant. As late as yesterday at one o'clock I had a protracted off-the-record conversation in court with Mr. Robinson. He was with his counsel. We were discussing a possible plea bargain. He was lucid, conversational, aware, intelligent, articulate and essentially he was arguing with me over the number of years he wanted to do. He is no more incompetent than I am and he has a history of delaying these proceedings. We've been set for trial on this case on a number of occasions.
 "The last time prior to yesterday * * * he was admitted * * * to a hospital complaining of stroke-like conditions. I spoke with the Sheriff's Department. I spoke with the doctor who examined him, and both of the individuals that I spoke to indicated to me that they thought he was malingering, so I [spent] a little bit of time discussing his case with the physician from the jail. * * * [The physician] indicated to me that Mr. Robinson was communicative, was able to discuss his complaints, that he was able to secure medical services for himself and that all indications were that if he had any medical event, that it was no longer in a crisis stage, and additionally the physician indicated to me that he thought he was malingering but they had done a brain scan and had a baseline so they would be able to tell in the future whether he was malingering, so at every point along this protracted course of litigation it would appear to me that Mr. Robinson had intended to delay the proceedings and this court cannot tolerate that kind of behavior.
 "Additionally, while he has delayed the proceedings claiming now he's incompetent, he has seen fit to write if I'm not mistaken a series of letters to the victim in this case despite the fact that there is a no contact order.
 "We are going to trial today. There is no question Mr. Robinson is competent * * *."
 {¶ 28} Even if this observation by the trial court did not amount to a competency hearing, the record in this case is devoid of sufficient indicia of incompetency to warrant reversal. Although Robinson had made a suicide attempt, *Page 12 
this does not necessarily constitute sufficient indicia to trigger the trial court's duty to order an evaluation of Robinson's competence. SeeState v. Barton, 108 Ohio St.3d 402, 411. Our review reflects that Robinson clearly understood the nature of the proceedings and the plea process, and he was advised by counsel from the outset. Also, Robinson expressed himself well on the record and clearly responded to the questioning of the court. As previously discussed, although Robinson was taking medication, the mere fact that a defendant is taking antidepressant medication or is prescribed psychotropic drugs does not negate his competence to stand trial. State v. Ketterer,111 Ohio St.3d at 76.
 {¶ 29} Further, under the facts present in this case, the trial court could have reasonably concluded that Robinson's request for a competency evaluation was made simply for the purpose of malingering. The trial court considered that the jail physician who examined Robinson believed that Robinson was malingering, and the court found that Robinson's conduct in the course of the proceeding evidenced the same.
 {¶ 30} We also find that the mere fact that defense counsel requested a competency evaluation does not alone warrant an automatic referral to a psychiatric clinic for a competency evaluation. While trial courts should seriously consider such requests, they must be evaluated in light of all the facts and circumstances known to the trial court at the time the request is made. Only when independent factors and circumstances supporting the request are present, should the court grant such *Page 13 
requests. Otherwise stated, absent a sufficient indicia of incompetence, a trial court does not abuse its discretion in refusing to order a competency evaluation. See State v. Johnson, Guernsey App. No. 2006-CA-04, 2007-Ohio-1685.
 {¶ 31} In this instance, while there were some factors present that might raise initial concerns, the colloquy between Robinson and the court at the time of the actual plea demonstrated that Robinson had a clear understanding of the circumstances and the factors relating to the plea. Significantly, there is no issue raised here that the requirements under Rule 11 were not properly satisfied. Further, it was clear that while Robinson had reservations about the charges and the victim's version of events, these concerns did not demonstrate that the plea was involuntary. In fact, Robinson's statements at the time of the plea and immediately thereafter further demonstrated that Robinson had a clear understanding of the charges and the events taking place at the time of the plea, making a competency evaluation unnecessary.
 {¶ 32} Upon our review, we find the trial court could properly determine that Robinson was competent and had the ability to enter a voluntary plea. Without sufficient indicia of incompetency appearing in the record, we overrule Robinson's second assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 14 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and MELODY J. STEWART, J., CONCUR *Page 1