JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, James George, appeals from a judgment of conviction on one count of failure to comply with an order or signal of a police officer. The charge arose when defendant sped away from an officer who had attempted to stop appellant's automobile as part of an investigation into an assault and robbery in the area. Appellant complains that there was insufficient evidence to support the judgment of conviction and that the judgment of conviction was against the manifest weight of the evidence.[1] Finding no merit to appellant's assigned errors, we affirm. *Page 2 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 3 
 {¶ 2} Appellant's first assigned error states:
 {¶ 3} "I. The state failed to present sufficient evidence to sustain appellant's conviction in violation of appellant's right to due process guaranteed by Article I, Section 10 of the Ohio Constitution and theSixth and Fourteenth Amendments to the United States Constitution."
 {¶ 4} When reviewing a claim that there is insufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1981), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 5} Appellant was charged under R.C. 2921.331(B) which states that no person shall operate a motor vehicle "so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." If the judge as trier of fact finds that appellant "caused a substantial risk of serious physical harm to persons or property," then the offense is a felony of the third degree. R.C. 2921.331(C)(5)(ii). *Page 4 
 {¶ 6} Appellant asserts that the state failed to produce sufficient evidence that he created a substantial risk of serious physical harm to persons or property. He does not dispute that there was the risk of some harm, but argues that the state's evidence fails to establish the higher standard of serious physical harm. We disagree.
 {¶ 7} A substantial risk is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). Serious physical harm to property includes any tangible or intangible damage to property that results in a substantial loss in value or requires a substantial investment of time, effort, or money to repair or replace, or one which "[temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time." R.C. 2901.01(A)(4) and (A)(6). Serious physical harm to persons includes any physical harm that carries a substantial risk of death; involves permanent incapacity or disfigurement or temporary substantial incapacity or disfigurement; or that involves "acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5).
 {¶ 8} Cleveland police officer Matt Prince testified to the events of February 12, 2007. He stated that he and his partner were investigating a report of an assault and robbery that night at approximately 3:00 a.m. The *Page 5 
assault victim alerted the officers' attention to the car being driven by appellant as possibly being that of the assailant. They followed the vehicle and attempted to stop the car by activating the overhead lights and siren on their police cruiser. Instead of stopping, appellant sped away.
 {¶ 9} Officer Prince stated that appellant ran a number of stops signs in the residential area. He estimated that appellant reached a speed of 65 MPH in a 25 MPH zone. Additionally, the officer testified that appellant ran a red light at Detroit Avenue and came close to hitting another vehicle in the intersection. The chase ended with appellant losing control of the vehicle, going off the road, and striking a fire hydrant. Appellant ran from the vehicle but was apprehended by Officer Prince, who injured his knee in the pursuit.
 {¶ 10} In addition to the officer's testimony, the state presented photographs showing appellant's car after it went off the road and crashed into the fire hydrant. Robert Boehm of the Cleveland Water Department testified to the damage caused to the fire hydrant. He stated that the hydrant was not working after the accident and required $1,183.63 in repairs to make the hydrant functional.
 {¶ 11} In viewing the evidence in the light most favorable to the state, we find that there was sufficient evidence to support the finding that appellant's failure to obey the police signal and fleeing the police created a substantial risk *Page 6 
of serious physical harm to persons or property. Therefore, appellant's first assignment of error is overruled.
 {¶ 12} Appellant's second assigned error states:
 {¶ 13} "II. The appellant's convictions are against the manifest weight of the evidence in violation of appellant's right to due process guaranteed by Article I, Section 10 of the Ohio Constitution and theSixth and Fourteenth Amendments to the United States Constitution."
 {¶ 14} In reviewing a claim that a verdict is against the manifest weight of the evidence, this court considers the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and, in considering conflicts in the evidence, determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. In doing so, we remain mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. This gives the trier of fact the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." State v. Antill (1964), 176 Ohio St. 61, 67. The discretionary power to grant a new trial should be *Page 7 
exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Thompkins, supra, at 387.
 {¶ 15} Appellant argues that the quality of the evidence was poor and unreliable and that the trial court lost its way in convicting him. He asserts that inconsistencies in the officer's testimony renders the evidence unreliable. He also argues that the seven-month time lapse between the incident and the fire hydrant inspection makes the damage from the incident undeterminable. We disagree.
 {¶ 16} Appellant points to inconsistencies between the traffic ticket issued to appellant the night of the incident, and Officer Prince's testimony during trial. He argues that the ticket does not indicate all of the streets over which the officer testified appellant sped. He also challenges the officer's recollection of the weather conditions and the speed appellant was traveling.
 {¶ 17} A review of the ticket and the trial transcript convinces us that the inconsistencies are minor and do not render the officer's testimony unreliable. Appellant cites to the one section of the ticket where it indicates, "crash-no." Officer Prince stated that he made a mistake in marking the "no" box. However, he explained that under the "other offense" section of the ticket he did write "failure to control involved in MVA at River Division." He explained that MVA meant motor vehicle accident. *Page 8 
 {¶ 18} Similarly, any inconsistencies in testimony relating to road conditions and weather are not significant. Although the ticket indicated the road pavement was "wet," and that there was "no adverse" weather, the photographs taken at the scene after the crash show that it was snowing and the roads were becoming covered with snow. Officer Prince explained that it was not snowing during the chase. He stated that the photographs were taken by another officer later that night after Officer Prince was taken to the hospital to have his knee injury treated.
 {¶ 19} Also, we do not find the evidence relating to the damaged fire hydrant to be unreliable. Officer Prince testified to appellant's car going off the road and striking the hydrant. The ticket indicated a motor vehicle accident at River and Division, the location of the hydrant. The photographs clearly show the car with the front bumper dented by the hydrant and the hydrant leaning over. The water department inspector testified that there were no other reports of an accident or damage to the hydrant since February 12, 2007 and explained how he could tell that the hydrant stopped working as a result of the accident. *Page 9 
 {¶ 20} We find there was enough competent and credible evidence to support the trial court's verdict. We cannot say that the trier of fact lost its way in finding appellant guilty of the offense charged. Appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR
[1] At oral argument, appellate counsel raised, for the first time, the issue of double jeopardy. We permitted both sides to brief the issue. In his supplemental brief, appellant argued that his conviction in Cleveland Municipal Court on misdemeanor traffic offenses was a result of a plea bargain relating to the traffic ticket issued the night of the incident and constituted a valid and final judgment on all charges related to that incident. Therefore, appellant argued, the indictment on the charge of felony "failure to comply" amounted to double jeopardy. Appellant supported this claim with a copy of the judgment entry from the municipal court case. After review of the supplemental briefs, we conclude that we are unable to decide the merits of appellant's double jeopardy claim as there is no evidentiary basis from which we can determine this issue. Appellant's claims were not raised in the trial court and are based on evidence outside the record in this case. A reviewing court cannot decide a direct appeal on the basis of matters outside the trial record. See State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). See, also, State v. Hawthorne, Cuyahoga App. No. 89932, 2008-Ohio-2049. *Page 1