JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Wayne Ervin, has filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment in State v. Ervin, Cuyahoga App. No. 88618,2007-Ohio-5942, in which we affirmed his convictions. On December 20, 2007, the State filed a brief in opposition to the application for reopening. Ervin later requested leave of this court to supplement his application to reopen which we denied. For the following reasons, we decline to reopen Ervin's original appeal.
 {¶ 2} To establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 688, *Page 3 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065.
 {¶ 4} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 5} In his first assignment of error, Ervin argues that his appellate counsel was ineffective for failing to review the trial transcripts of his codefendants before *Page 4 
filing a brief. We find this argument to be without merit. As the State established, Ervin was not tried with his codefendants. Consequently, any evidence received by the court in the trial of Ervin's codefendants would be outside the record in this matter. Since a reviewing court cannot decide a direct appeal on the basis of matters outside the trial record, we do not find fault with counsel's failure to include matters from the codefendant's trial. See State v. Ishmail (1978),54 Ohio St.2d 402, 377 N.E.2d 500; State v. George, Cuyahoga App. No. 90511,2008-Ohio-5128.
 {¶ 6} In his second assignment of error, Ervin argues that his counsel was ineffective for failing to file a motion requesting that Ervin be afforded a copy of the trial transcript. Initially we note that a transcript at State's expense was prepared. "The duty to provide a transcript at State's expense extends only to providing one transcript for the entire judicial system. It does not extend to sending the transcript to the indigent person in prison." State v. Bayless, Cuyahoga App. No. 88094, 2007-Ohio-1008. Nevertheless, Ervin failed to establish how he was prejudiced. Accordingly, we reject this assignment of error.
 {¶ 7} In his third and final assignment of error, Ervin argues that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective during the guilt phase of his trial. In support of his argument, Ervin argues that his counsel failed to review prior proceedings, specifically codefendant Dwight Whatley's trial transcripts, for the purpose of presenting a meaningful and adequate defense. However, even assuming that counsel's performance was deficient, Ervin failed to *Page 5 
establish that the results of his trial would have been any different. Accordingly, we find that Ervin again failed to demonstrate prejudice and we overrule this proposed assignment of error.
 {¶ 8} Based upon the above reasons, we deny the application to reopen.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1