JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Alvin Walton has filed a timely application for reopening pursuant to App. R. 26(B) claiming ineffective assistance of appellate counsel. He is attempting to reopen the appellate judgment that was rendered by this court in State v. Walton, Cuyahoga App. No. 88358, 2007-Ohio-5070. In that opinion, we affirmed defendant's convictions for murder, burglary, and having a weapon under a disability. On January 24, 2008, the state of Ohio filed a brief in opposition to the application for reopening. Walton later requested leave of this court to supplement his application to reopen which was granted. The state of Ohio then submitted its response to the amended application. For the reasons stated below, we decline to reopen Walton's original appeal. *Page 3 
 {¶ 2} To establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065.
 {¶ 4} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, *Page 4 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 5} In his first assignment of error, Walton argues that he was denied effective assistance of appellate counsel when appellate counsel failed to raise ineffective assistance of trial counsel for not suppressing tainted evidence and waving the right to suppress evidence. Specifically, Walton argues that the state failed to establish a proper chain of custody because a police officer's improper handling of a piece of evidence contaminated that evidence. We disagree.
 {¶ 6} "As a general matter, `the state is not required to prove a perfect, unbroken chain of custody' State v. Keene, 81 Ohio St.3d 646,662, 1998-Ohio-342, 693 N.E.2d 246. Accordingly, `[a] strict chain of custody is not always required in order for physical evidence to be admissible.' State v. Wilkins (1980), 64 Ohio St.2d 382,415 N.E.2d 303." State v. Gross, 97 Ohio St.3d 121, 2002-Ohio-5524,776 N.E.2d 1061. Furthermore, even if the chain of custody is broken, that fact alone will not render the evidence inadmissible. Rather the broken chain of custody goes to the weight afforded to the evidence. State v.Blevins (1987), 36 Ohio App.3d 147, 521 N.E.2d 1105.
 {¶ 7} A review of this matter reveals that there was a proper chain of custody. The jacket was recovered by Officer Nuti who then gave it to the investigating detectives who then gave it to the laboratory for analysis. Nevertheless, as stated above, even if the chain of custody was suspect, the jacket would still have been *Page 5 
admissible. Accordingly, we do not find that appellate counsel was ineffective for failing to raise this issue.
 {¶ 8} In the second assignment of error, Walton argues that his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel because trial counsel failed to object when the state used its first peremptory challenge to remove an African-American male juror. A review of the record however reveals that the state used its first peremptory challenge on a woman. There was a male juror that was removed for cause prior to the exercise of the state's first peremptory challenge, however, the record is silent as to that individual's race. Since a reviewing court cannot decide a direct appeal on the basis of matters outside the trial record, see State v.Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500; State v. George, Cuyahoga App. No. 90511, 2008-Ohio-5128, we cannot find error with regard to counsel's decision not to include this assignment of error.
 {¶ 9} In his third assignment of error, Walton asserts that he was denied equal protection under the United States Constitution when the trial judge improperly used his discretion to dismiss a potential black female juror against defense objection. A review of the record indicates that the juror, despite being told to return to the courtroom after a break, failed to return and instead attended a previously scheduled program with the Women, Infant and Children's Program. After admonishing her for her conduct, the trial judge excused her because she was absent from the previous day's voir dire and replaced her with an African-American woman. Accordingly, since *Page 6 
an African-American woman took the place of the excused African-American juror, we find that Walton cannot establish prejudice.
 {¶ 10} Walton, for his fourth assignment of error, argues that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness when he failed to file an affidavit of indigency prior to sentencing so as to have the fines and costs suspended.[1]
 {¶ 11} This court has previously found defense counsel to be ineffective for failing to file a motion requesting a waiver of court costs. According to State v. Blade, Cuyahoga App. Nos. 88703, 88704 and 88705, 2007-Ohio-5323, "The court's prior waiver of court costs showed a reasonable probability that it would have again waived costs had counsel made a timely motion."
 {¶ 12} We find this matter to be distinguishable in that there was never a showing of a "reasonable probability" that the lower court would have waived court costs. State v. Hayden, Cuyahoga App. No. 90474,2008-Ohio-6279, As stated above, appellate counsel is given wide discretion in deciding which issues are more fruitful. Based upon the above, we overrule this assignment of error.
 {¶ 13} In his fifth assignment of error, Walton argues that he was denied the effective assistance of appellate counsel when appellate counsel failed to raise ineffective assistance of trial counsel in his eighth assignment of error on direct appeal. Specifically, Walton argues that counsel was ineffective because he raised *Page 7 
an issue that was not supported by the evidence in the transcript and that he raised the issue, "just for the sake of taking up an otherwise more useful/needful argument." We find this argument to be without merit. We also fail to see how Walton was prejudiced and find it illogical to say that had appellate counsel not raised this argument Walton would have been successful on appeal.
 {¶ 14} Walton's sixth and seventh assignments of error are interrelated so we will address them together. In those assignments of error, Walton argues that counsel was ineffective for arguing weaker arguments rather than the ones he proposes in his application to reopen, and that the cumulative effect of counsel's errors denied Walton the effective assistance of appellate counsel. However, since we found none of Walton's previous assignments of error to have any merit, we reject both of these assignments of error.
 {¶ 15} Based upon the above reasons, we deny the application to reopen.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] A review of the journal entry indicates that Walton was only assessed court costs. *Page 1