JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Robinson, Cuyahoga County Court of Common Pleas Case No. CR-483238, applicant, Paul Robinson, pled no contest to and was convicted of: attempted murder, felonious assault and kidnapping — each with a notice of prior conviction and repeat violent offender specification; and domestic violence. This court affirmed that judgment in State v. Robinson, Cuyahoga App. No. 89136, 2007-Ohio-6831. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Robinson, 118 Ohio St.3d 1409, 2008-Ohio-2340,886 N.E.2d 872. *Page 3 
 {¶ 2} Robinson has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel because: his appellate counsel did not assign as error that trial counsel was ineffective; the record was incomplete to substantiate the two errors assigned on direct appeal — the trial court erred by accepting his plea and by failing to order a competency examination prior to accepting Robinson's plea; and the trial court did not correctly advise Robinson regarding post-release control.
 {¶ 3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). In State v. Spivey (1998),84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In State v. Reed (1996),74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." *Page 4 
Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 4} The state argues that res judicata bars Robinson's arguments because the Supreme Court denied his motion for leave to appeal and dismissed the appeal. State v. Robinson, 118 Ohio St.3d 1409, supra. The Supreme Court's rejection of Robinson's discretionary appeal does not, however, prevent this court from considering the merits of his application. "The filing of a motion seeking a discretionary appeal in this court does not create a bar to a merit ruling on a timely-filed application to reopen an appeal claiming ineffective assistance of appellate counsel under App. R. 26(B)." State v. Davis,119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, syllabus. In Davis, the court of appeals did not consider the merits of the claims which Davis asserted in his application for reopening because the Supreme Court had refused to grant leave to appeal. "Because the court below made no attempt to consider whether Davis had raised a colorable claim, it erred in denying the application purely on the basis that Davis' claim was barred by res judicata." Id. at ¶ 28.
 {¶ 5} Similarly, we may not reject Robinson's claims merely because the Supreme Court refused to grant leave to appeal. We must, therefore, consider the merits of Robinson's proposed assignments of error. As required by App. R. 26(B)(6), the reasons for our denial of the application for reopening follow.
 {¶ 6} In his first proposed assignment of error, Robinson contends that appellate counsel was ineffective for failing to assign as error that trial counsel was *Page 5 
ineffective. In the application for reopening, Robinson mentions various remarks by trial counsel to him but does not demonstrate that these remarks are part of the record. Robinson states that these remarks "produced an unjust result that appellant was not intelligently and understandingly aware of, and would otherwise not have pled to." Application, at 5. To the extent that Robinson is relying on matters outside the record, his first proposed assignment of error does not provide a basis for reopening. See, e.g., State v. Walton, Cuyahoga App. No. 88358, 2009-Ohio-1234, at ¶ 8.
 {¶ 7} In support of his argument that trial counsel was ineffective, Robinson also complains that the trial court did not have a hearing on his motion to disqualify counsel.[1] On direct appeal, this court thoroughly reviewed the record regarding Robinson's plea and found that the trial court did not abuse its discretion by accepting Robinson's plea of no contest. Cuyahoga App. No. 89136, 2007-Ohio-6831, at ¶ 22. Trial counsel's representation did not, therefore, result in any prejudice to Robinson. We must, therefore, also conclude that the absence of a hearing on Robinson's motion to disqualify counsel also did not prejudice Robinson. As a consequence, his first assignment of error does not provide a basis for reopening. *Page 6 
 {¶ 8} In his second proposed assignment of error in his application for reopening, Robinson claims that his appellate counsel presented the appeal on an incomplete record with respect to his claim that the trial court erred by accepting his plea. Robinson does not, however, explain how the record is incomplete. Rather, he enumerates several aspects of the proceedings which were on the record, complains that the trial court was unfair and contests the propriety of the fifteen-year sentence imposed by the trial court. Indeed, he alludes to several parts of the record (although he does not always identify specific portions in the record supporting his position).
 {¶ 9} On direct appeal, appellate counsel asserted in the first assignment of error that the trial court abused its discretion by accepting Robinson's "invalid plea." Id. at ¶ 1. "Upon our review, we conclude that the trial court substantially complied with Crim. R. 11 in determining whether Robinson's plea was knowing, intelligent, and voluntary. We find no error in the trial court's determination." Id. at ¶ 20.
 {¶ 10} This court has, therefore, already rejected the argument that Robinson's plea was defective. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally, State v. Perry (1967), 10 Ohio St.2d 175,22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. *Page 7 Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v.Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164, quoted with approval in State v.Logan, Cuyahoga App. No. 88472, 2008-Ohio-1934, at ¶ 4.
 {¶ 11} Robinson now repeats, as his second proposed assignment of error, the first assignment of error argued by appellate counsel. "`Clearly, res judicata bars the repetition of the same assignment of error as part of the application for reopening.' State v. Tate, Cuyahoga App. No. 81682, 2003-Ohio-3229, reopening disallowed, 2004-Ohio-973, Motion No. 351908, appeal dismissed 102 Ohio St. 3d 1473,2004-Ohio-2830, 809 N.E.2d 1159." Logan, supra, at ¶ 6. As a consequence, res judicata requires that we hold that Robinson's second assignment of error does not provide a basis for reopening.
 {¶ 12} In his third proposed assignment of error, Robinson repeats the second assignment of error asserted by appellate counsel on direct appeal: "The trial court abused his discretion by failing to order a competency examination prior to the accepting of the appellant's no contest plea." Application, at 9. Once again, Robinson asserts that the record is incomplete but does not provide this court with specific information regarding what was missing from the record. Rather, he complains that his trial counsel "verbally guided appellant through the plea colloquy, misdirecting appellant/defendant to a known unjust and prejudicial result." Application, Appendix C, at 2. *Page 8 
 {¶ 13} On direct appeal, this court addressed the areas of concern raised by Robinson in his third proposed assignment of error. "Our review reflects that Robinson clearly understood the nature of the proceedings and the plea process, and he was advised by counsel from the outset. Also, Robinson expressed himself well on the record and clearly responded to the questioning of the court. As previously discussed, although Robinson was taking medication, the mere fact that a defendant is taking antidepressant medication or is prescribed psychotropic drugs does not negate his competence to stand trial." Cuyahoga App. No. 89136,2007-Ohio-6831, at ¶ 28. This court found that "the trial court could properly determine that Robinson was competent and had the ability to enter a voluntary plea." Id. at ¶ 32. As a consequence, res judicata requires that we hold that Robinson's third proposed assignment of error does not provide a basis for reopening.
 {¶ 14} In his fourth proposed assignment of error, Robinson contends that the trial court failed to properly advise him regarding the penalty for violating post-release control. Specifically, Robinson complains that the trial court did not inform him that he could receive up to seven and one-half years additional incarceration (half of his fifteen-year sentence) if he violated post-release control.
 {¶ 15} The record, however, contradicts Robinson's premise. That is, the trial court informed Robinson that he "could receive half of whatever I give you additional administratively ***." Tr. 146-147. When the trial court pronounced Robinson's sentence, it also explained post-release control to him and informed him that he could receive another seven and one-half years of "administrative time." Tr. 179. *Page 9 
Given this record, we cannot conclude that appellate counsel was deficient or that Robinson was prejudiced by the absence of an assignment of error asserting that the trial court erred by failing to inform him of the penalty for violating post-release control. As a consequence, his fourth assignment of error does not provide a basis for reopening.
 {¶ 16} Accordingly, the application for reopening is denied.
SEAN C. GALLAGHER, J., and LARRY A. JONES, J., CONCUR
[1] Robinson also raises this issue in his reply brief. App. R. 26(B) does not authorize the filing of a reply brief to the state's brief in opposition to an application for reopening. State v. Lawson, Cuyahoga App. No. 90589, 2008-Ohio-5590, reopening disallowed, 2009-Ohio-219, at ¶ 4. Robinson filed his reply without leave of court and this court may strike a reply brief which is filed without leave. State v. Johnson
(Dec. 14, 1998), Cuyahoga App. No. 72541, reopening disallowed (May 27, 1999), at 7. *Page 1