[Cite as *State v. Davis*, 2014-Ohio-3591.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100645**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# WILLIE DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-08-514855-A

**BEFORE:**   Keough, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 21, 2014

**APPELLANT**

Willie Davis
Inmate No. 563-213
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Willie Davis, appeals the trial court's decision denying his motion to correct his sentence. For the reasons that follow, we affirm.

**{¶2}** In March 2009, Davis pleaded guilty to two counts of rape and one count of kidnapping with a sexual motivation specification. The court imposed the agreed sentence of 25 years in prison with no possibility of early release. This court affirmed Davis's convictions on appeal. *State v. Davis,* 8th Dist. Cuyahoga No. 93856, 2010-Ohio-4488, *appeal not allowed State v. Davis*, 2011-Ohio-376, 940 N.E.2d 986.

**{¶3}** In September 2013, Davis filed a motion to correct his sentence, contending that his rape and kidnapping convictions were allied offenses. The trial court denied his motion, concluding that the doctrine of res judicata barred his collateral challenge. Alternatively, the trial court found that the offenses were not allied because the offenses involved separate victims. Davis appeals from this decision, raising two assignments of error.

**{¶4}** In his first assignment of error, Davis contends that the trial court committed plain error when it failed to conduct a hearing prior to sentencing to determine whether Counts 1, 5, and 9 were allied offenses subject to merger. He maintains that this failure rendered his sentence void in violation of R.C. 2941.25 and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**{¶5}** It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St. 3d 176,

2006-Ohio-1245, 826 N.E.2d 824, ¶ 16-17; *State v. Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, ¶ 29. This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar a subsequent attempt to raise the issue. *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13 (whether the verdicts on all counts can be used to support separate convictions for all offenses charged is decided by the trial court prior to its determination of a defendant's sentence; the time to challenge a conviction based on allied offenses is through a direct appeal.)

{¶6} In this case, Davis argued on direct appeal that he did not receive effective assistance of counsel and that he was not competent to enter into a guilty plea. Davis raised no issue regarding his sentence or whether the court erred in failing to consider allied offenses prior to sentencing. Accordingly, his argument in this appeal with respect to allied offenses is barred by the doctrine of res judicata because Davis could have raised this issue in his direct appeal.

{¶7} Moreover, even considering the merits of his appeal, we find that any argument that these offenses were allied is without merit because Counts 1, 5, and 9 relate to separate victims. Convictions relating to different victims are not allied offenses. *State v. Dix*, 8th Dist. Cuyahoga No. 94791, 2011-Ohio-472, ¶ 22; *see also State v. Kwambana*, 12th Dist. Clermont No. CA2013-12-092, 2014-Ohio-2582, ¶ 11. Accordingly, the court did not err in denying Davis's motion to correct his sentence and his assignment of error is overruled.

**{¶8}** In his second assignment of error, Davis contends that the trial court's October 29, 2013 journal entry denying his motion was not a final appealable order for the purposes of R.C. 2505.02 that would give this court jurisdiction over this appeal because (1) the trial court did not reach the merits of his motion, and (2) the journal entry was not time-stamped or journalized.

**{¶9}** We find Davis's assignment of error lacks merit. As explained above, the trial court was correct in concluding that res judicata barred Davis's collateral challenge. Nevertheless, the trial court did reach the merits of Davis's motion because it found that Davis's rape and kidnapping convictions involved separate victims; thus, the offenses were not allied.

**{¶10}** Finally, a review of the certified record on appeal, including the docket, shows that the trial court's October 29, 2013 journal entry was filed and journalized with the clerk of courts. Accordingly, Davis's second assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR