[Cite as *State v. Robinson*, 2014-Ohio-5435.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101426**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**PAUL ROBINSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-483238-A

**BEFORE:** Celebrezze, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**FOR APPELLANT**

Paul Robinson, pro se
Inmate No. 514-468
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Mary McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} In this pro se appeal, defendant-appellant Paul Robinson challenges the trial court's denial of his motion for resentencing. After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History

{¶2} On July 20, 2006, appellant was charged with attempted murder in violation of R.C. 2903.02; felonious assault in violation of R.C. 2903.11; kidnaping in violation of R.C. 2905.02; and domestic violence in violation of R.C. 2929.25. At his arraignment, appellant pled not guilty to all counts.

{¶3} Trial was scheduled to begin on October 30, 2006. Prior to trial, the trial court engaged in a lengthy dialogue with appellant concerning whether he wished to plead to the charges or proceed to trial. Ultimately, defense counsel advised that appellant wished to go to trial, and jury selection began. Following a recess, however, appellant indicated that he wished to plead to the indictment. The trial court informed appellant that he would be sentenced on the spot and that the court would not guarantee the duration of his sentence. Appellant indicated that he understood.

{¶4} Following a Crim.R. 11 colloquy, appellant entered a plea of no contest to all charges. The trial court then asked the state to place the factual basis for the plea on the record. After the state's recitation of the facts, the court found appellant guilty of all charges.

{¶5} For purposes of sentencing, the victim made a statement on the record. Thereafter, defense counsel indicated that appellant wished to withdraw his plea and go to trial. The trial court denied this request stating, "we're not playing that game." The trial court proceeded to sentence appellant to a total period of incarceration of 15 years.

**{¶6}** On November 7, 2006, appellant filed a postsentence motion to withdraw his no contest plea. On November 22, 2006, the trial court denied the motion.

**{¶7}** Subsequently, appellant filed a direct appeal claiming that the trial court abused its discretion by accepting his plea, by failing to grant his motion to withdraw his plea, and by failing to order a competency examination before accepting his plea. Significantly, appellant did not challenge his sentence. On December 20, 2007, this court affirmed the trial court's judgment. *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831.[1]

**{¶8}** On May 21, 2008, the Supreme Court of Ohio denied appellant's motion for leave to appeal and dismissed his appeal as not involving any substantial constitutional question. *State v. Robinson*, 118 Ohio St.3d 1409, 2008-Ohio-2340, 886 N.E.2d 872.

**{¶9}** Thereafter, appellant filed an application to reopen his appeal with this court, asserting that he was denied the effective assistance of appellate counsel. On April 6, 2009, this court denied appellant's application in *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2009-Ohio-1679.

**{¶10}** Over six years later, on April 25, 2014, appellant filed a motion for "resentencing on multiple punishments." Appellant argued that his convictions should have merged as allied offenses under R.C. 2941.25 and that the trial court committed plain error in failing to consider the issue of merger at the time of sentencing. On May 12, 2014, the trial court denied appellant's motion for resentencing.

---

[1] While his direct appeal was pending, appellant filed a postconviction relief petition to vacate or set aside his sentence with the trial court on October 2, 2007. *See* R.C. 2953.21(C); *S/O v. Orr,* 8th Dist. Cuyahoga No. 93796, 2010-Ohio-366, ¶ 13. On November 5, 2007, the trial court denied appellant's petition. Appellant did not appeal the trial court's denial of his postconviction relief petition.

**{¶11}** Appellant now appeals from the trial court's May 12, 2014 order, raising two assignments of error for review.

## II.   Law and Analysis

**{¶12}** In his first assignment of error, appellant argues that his 15-year sentence was contrary to law.   In his second assignment of error, appellant argues that the trial court failed to merge allied offenses of similar import and that his plea was not knowingly, intelligently, or voluntarily made.   We consider appellant's first and second assignments of error together.

**{¶13}** Initially, we note that this court has already determined that appellant's plea was knowingly, intelligently, and voluntarily made.   *Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831.   Moreover, to the extent appellant argues that his sentence was contrary to law because the trial court failed to merge allied offenses, his challenge is barred by the doctrine of res judicata.

**{¶14}** The doctrine of res judicata bars the consideration of issues that could have been raised on direct appeal.   *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17.   This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar a subsequent attempt to raise the issue.   *State v. Williams*, 8th Dist. Cuyahoga No. 100135, 2014-Ohio-1239, ¶ 9, citing *State v. Allen*, 8th Dist. Cuyahoga No. 97552, 2012-Ohio-3364, ¶ 20; *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13; *State v. Flagg*, 8th Dist. Cuyahoga Nos. 95958 and 95986, 2011-Ohio-5386.

**{¶15}** In this case, appellant argued on direct appeal that the trial court abused its discretion by accepting his plea, by failing to grant his motion to withdraw his plea, and by failing to order a competency examination before accepting his plea.   Appellant raised no issues

regarding his sentence. Accordingly, his allied offense arguments are barred by the doctrine of res judicata. *State v. Davis*, 8th Dist. Cuyahoga No. 100645, 2014-Ohio-3591, ¶ 6; *see also State v. Nicholson*, 8th Dist. Cuyahoga No. 100026, 2014-Ohio-607, ¶ 11-12, citing *State v. Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, ¶ 30.

{¶16} Appellant's first and second assignments of error are overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR