OPINION
{¶ 1} Defendant-appellant Mark Hunter appeals from his conviction and sentence for Vandalism, in violation of R.C. 2909.05(B)(2). Hunter contends that there is insufficient evidence in the record to support a finding, beyond reasonable doubt, that the damage he caused to a Dayton police cruiser equaled or exceeded $500 in value, an essential element of the offense. We agree. Consequently, Hunter's conviction and *Page 2 
sentence for Vandalism is Reversed and Vacated. Hunter was also convicted of Failure to Comply, and sentenced for that offense. This appeal does not concern Hunter's Failure to Comply conviction and sentence, which remains unaffected by the outcome of this appeal.
 I {¶ 2} In September, 2005, Hunter was stopped by Dayton police officers Charles Tangeman and James George for a traffic violation, the van Hunter was driving not having any license plates. As Tangeman approached Hunter's vehicle, he ordered Hunter to turn off the ignition. Hunter did not comply with this order, but instead put the vehicle into reverse and sped backwards. George jumped away from the van in order to avoid being struck.
 {¶ 3} Hunter's vehicle collided with the police cruiser, causing damage. Hunter then sped off, narrowly missing Tangeman. A police pursuit ensued, with Hunter ultimately being stopped by the use of stop-sticks. Hunter was arrested and charged by indictment with two counts of Felonious Assault upon a Police Officer with a Deadly Weapon, one count of Failure to Comply with a Police Order, and one count of Vandalism of Government Property.
 {¶ 4} Following a bench trial, Hunter was acquitted on both Felonious Assault counts, but convicted as charged on the other counts. He was sentenced to five years imprisonment on the Failure to Comply conviction, and one year on the Vandalism conviction, to be served consecutively. Hunter appeals from his conviction and sentence for Vandalism. He has not appealed from his conviction and sentence for *Page 3 
Failure to Comply.
 II {¶ 5} Hunter's sole assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT'S JUDGMENT THAT APPELLANT IS GUILTY OF VANDALISM IS BASED ON LEGALLY INSUFFICIENT EVIDENCE."
 {¶ 7} Hunter was convicted of violating R.C. 2909.05(B)(2), which provides, in pertinent part, as follows: "No person shall knowingly cause serious physical harm to property that is owned, leased, or controlled by a governmental entity"
 {¶ 8} "Serious physical harm" is defined, in R.C. 2909.05(F)(2), as follows:
 {¶ 9} "`Serious physical harm' means physical harm to property that results in loss to the value of the property of five hundred dollars or more."
 {¶ 10} The State offered no direct proof of the dollar amount of the damage to the Dayton police cruiser caused by Hunter, but did offer three photographs of the cruiser, after the collision, depicting the damage. These photographs are in the record on appeal as State's Exhibits 18, 19 and 20. Officers George and Tangeman authenticated the photographs. Officer George testified that the "lights were busted" on the police cruiser. More specifically, George testified that the turn signals and headlight were not functional as a result of the collision. Officer Tangeman specifically testified that the damage appearing in the photographs was not present before the collision.
 {¶ 11} We have, of course, examined the three photographs, Exhibits 18, 19 and 20, depicting the damage to the police cruiser. All three photographs are limited to the right front quarter of the cruiser, and show damage only to the right front light, which is, *Page 4 
indeed, "busted," and the area right around the light. It appears that the right side portion of the light is missing. There are discolorations to the bumper and right side panel immediately adjacent to the right front light, but no obvious deformation of these surfaces. It cannot be determined from the photographs whether these are discolorations that will easily rub out, or whether a paint job may be required.
 {¶ 12} Since it is an element of the offense, the State is required to prove, beyond a reasonable doubt, that the damage to the police cruiser equals or exceeds $500. The State cites State v. Williams,2006-Ohio-4653, Clark App. No. 2005 CA 106, for the proposition that damage to public property — in that case, also, a police cruiser — can be proven beyond reasonable doubt to be at least $500 in amount merely by the introduction of a photograph depicting the extent of the damage. We conclude that State v. Williams, supra, is distinguishable.
 {¶ 13} In State v. Williams, supra, "the state presented photographs of [the police cruiser] after the collision, which showed damage to the right rear door and wheel well. Specifically, the photographs indicated a sizable dent on the lower portion of the door and the front part of the wheel well, as well as damage to the paint in those areas. Although [the officer] did not testify at trial how much the repairs would cost, the jury could have reasonably concluded, upon review of the photographs, that the damage to the vehicle would require a substantial amount of money [$500 or more] to repair." Id, ]}24.
 {¶ 14} In State v. Williams, supra, the photographs, alone, would warrant a reasonable finder of fact in concluding, beyond reasonable doubt, that the repairs to the damage depicted therein would cost at least $500. In the case before us, it is possible *Page 5 
that the repairs to the damage depicted in the photographs admitted in evidence may equal or exceed $500. But we conclude that a reasonable finder of fact, based solely upon these photographs, would not be warranted in finding, beyond reasonable doubt, that the cost of repairing the damage depicted therein equals or exceeds $500. The damage depicted therein is not as extensive as the damage depicted in State v.Williams, supra.
 {¶ 15} Hunter's sole assignment of error is sustained.
 III {¶ 16} Hunter's sole assignment of error having been sustained, that part of the judgment of the trial court convicting him of Vandalism, and sentencing him therefor, is Reversed and Vacated. The judgment of the trial court is Affirmed in all other respects.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1