JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Dionte Hawthorne ("defendant"), appeals from the judgment entered pursuant to a jury trial finding him guilty of vandalism in violation of R.C. 2909.05(A). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On April 25, 2007, a jury returned a guilty verdict on one count of vandalism in violation of R.C. 2909.05(A). The conviction stemmed from an incident that occurred on September 2, 2006, when defendant threw two flower pots through two front windows of a home owned by Denise Kinney.
 {¶ 3} On April 26, 2007, defendant was sentenced to a maximum term of 12 months incarceration, to run consecutive to Case No. CR-484012, a weapons while under disability conviction entered by another judge.
 {¶ 4} Defendant now appeals and raises four assignments of error for our review.
 {¶ 5} "I. The trial court committed plain error in its instruction regarding the element of serious physical harm to property."
 {¶ 6} In his first assignment of error, defendant argues that the trial court erred when it instructed the jury that serious physical harm to property is proved if the damage is over $500. Defendant claims that the trial court should have instructed the jury on the element of "serious physical harm to property" according to the general definition found in R.C. 2901.01(A)(6).[1] *Page 4 
 {¶ 7} Defendant was charged with vandalism in violation of R.C.2909.05(A). R.C. 2909.05(F)(2) defines "serious physical harm" as "physical harm to property that results in loss to the value of the property of five hundred dollars or more." The specific definition of serious physical harm as contained in this section controls over the general definition found in R.C. 2901.01(A)(6). See State v. Jonas, Athens App. No. 99CA38, 2001-Ohio-2497. See, also, State v. Nelson, Wayne App. No. 07CA0020, 2007-Ohio-6212; State v. Hunter, Montgomery App. No. 21785, 2007-Ohio-5370. Accordingly, the trial court properly instructed the jury with regard to the "serious physical harm" element of vandalism.
 {¶ 8} Assignment of Error I is overruled.
 {¶ 9} "II. The conviction for vandalism violated Mr. Hawthorne's right not to be twice placed in jeopardy for the same offense."
 {¶ 10} In his second assignment of error, defendant asserts that the trial court erred in denying his motion for acquittal on the vandalism charge because he had already been convicted of the crime of criminal damaging, a lesser included offense of vandalism, in Cleveland Municipal Court, Case No. 2006-CRB-030731. *Page 5 
 {¶ 11} At the close of the State's case, trial counsel raised, for the first time, the issue of double jeopardy. He failed, however, to present any evidence which would substantiate his claim that the conviction in the municipal court was based upon the same act or acts for which he was being tried in the Common Pleas Court.[2] Thus, there was nothing before the trial court which would support this claim.
 {¶ 12} Assignment of Error II is overruled.
 {¶ 13} "III. The trial court improperly considered evidence of uncharged criminal behavior in arriving at its sentence."
 {¶ 14} In his third assignment of error, defendant argues that he is entitled to be resentenced because the trial court improperly considered uncharged offenses of other criminal conduct when sentencing him.
 {¶ 15} A trial court may consider a defendant's uncharged yet undisputed conduct when determining an appropriate sentence so long as they are not the sole basis for the sentence. See State v. Edwards, Cuyahoga App. No. 89181, 2007-Ohio-6068; State v. Cook, Cuyahoga App. No. 87265, 2007-Ohio-625; State v. Scheer, 158 Ohio App.3d 432,2004-Ohio-4792; State v. Williams, Cuyahoga App. No. 79273, 2002-Ohio-503.
 {¶ 16} Here, at the sentencing hearing, Special Agent Behar testified that defendant had numerous weapons convictions, that there were other police reports *Page 6 
of violence against the Kinney family, and that defendant was a member of a criminal gang called the "Star Boyz." However, a review of the sentencing transcript indicates that the uncharged conduct was not the sole basis for the sentence. Rather, when sentencing the defendant, the trial court stated the following, in pertinent part:
 {¶ 17} "You committed a heinous crime, gutless crime, a cowardly crime. Takes a real low life to go over and terrorize old ladies like you did that night. Only a degenerate criminal would want to take these ladies and terrorize them and have the little temper tantrum, act like a spoiled brat or five-year old boy while you were throwing pots and wrecking windows and wrecking the lives of these old ladies on 95th Street who did nothing to you. And the same house where your children are in, not knowing whether you are going to injure them or whatever. Reckless, irrational behavior, shows you've got a criminal mind and you belong in prison. The court is going to give you the maximum sentence. I see absolutely no remorse, no signs of remorse, no signs of profiting from your past convictions of these crimes while out on community controlled sanctions."[3]
 {¶ 18} Accordingly, we do not find that trial court improperly relied upon the evidence of defendant's other criminal conduct when sentencing him.
 {¶ 19} Assignment of Error III is overruled. *Page 7 
 {¶ 20} "IV. Mr. Hawthorne received the ineffective assistance of counsel."
 {¶ 21} In his fourth assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to the effective assistance of counsel.
 {¶ 22} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel, which are well within the range of professionally reasonable judgment, need not be analyzed by a reviewing court. Strickland, supra.
 {¶ 23} Defendant first argues that his trial counsel performed deficiently by failing to object when the trial court instructed the jury on the element of "serious physical harm to property." Based upon our decision in the first assignment of error, defendant has not shown that such failure is reversible error. Thus, defendant was not denied effective assistance of counsel on this basis. *Page 8 
 {¶ 24} Next, defendant claims that he was prejudiced when his trial counsel failed to provide the trial court with the Cleveland Municipal Court documents necessary to substantiate his claim of double jeopardy. In support, defendant attempted to supplement the record with a transcript of the plea proceedings in the Cleveland Municipal Court, Case No. 2006-CRB-030731. However, this constitutes evidence that is outside the record of this case, since it is a transcript of proceedings from a separate matter that was never presented at the trial level. A reviewing court cannot decide a direct appeal on the basis of matters outside the trial record. See State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.") See, also, State v. Bradley, Cuyahoga App. No. 88163,2007-Ohio-2642, at T|12. Since there is no evidentiary basis from which we can determine this issue, it is overruled.
 {¶ 25} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction *Page 9 
having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR.
[1] R.C. 2901.01(A)(6) defines "serious physical harm" as follows:
 "(a) results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace.
 "(b) temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time."
[2] In fact, the trial judge allowed defense counsel to brief the issue overnight, but such a motion was not filed, and, as such, the court did not reconsider the issue.
[3] Tr. 446-447. *Page 1