[Cite as *State v. Rivas*, 2014-Ohio-833.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100044**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL E. RIVAS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-570724

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, OH   44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Denise J. Salerno
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Michael Rivas appeals from his conviction for two counts of felonious assault with notice of prior conviction and repeat violent offender specifications, and one count of misdemeanor assault. For the following reasons, we affirm.

{¶2} On January 12, 2013, Rivas had several people at his house, including the victim, the victim's sister, and her boyfriend. Everyone was drinking. Sometime during the evening, an argument arose over beer money. The argument turned physical, and Rivas hit the victim over the head with a beer bottle. After the altercation, the trio left Rivas's home, but the victim soon realized he left his cell phone behind.

{¶3} The trio returned to Rivas's home to collect the cell phone. Probably because of the altercation, the boyfriend walked to Rivas's door and asked for the return of the victim's cell phone. Rivas pushed the boyfriend down the front door stairs, causing the victim's sister to approach the home and attempt to effect the return of the phone. She suffered the same fate as the boyfriend. After seeing his sister and her boyfriend shoved by Rivas, the victim exited the car and walked up the driveway. Rivas met the victim in the driveway armed with a kitchen knife. A fight ensued, and the victim, defending himself with only his fists, sustained severe injuries to his face, hand, and leg.

{¶4} Rivas agreed to waive a jury and proceed with a bench trial. After hearing all the evidence, the trial court found Rivas guilty of two counts of felonious assault with

notice of prior conviction and repeat violent offender specifications, and one count of misdemeanor assault. The trial court proceeded straight to sentencing and sentenced Rivas to four years in prison. As made pertinent to this appeal, at the sentencing hearing, Rivas, through his attorney, notified the court of his mental health treatment for bipolar disorder, which began after the incident. Nothing in the record indicates when Rivas was clinically diagnosed with the disorder.

{¶5} It is from this conviction that Rivas timely appeals, advancing two assignments of error. Rivas's first assignment of error provides that the trial court erred by failing to order, and therefore review, a presentence investigation report in light of Rivas's psychiatric history. Rivas's first assignment of error is without merit.

{¶6} Crim.R. 32.2 states, "In felony cases the court shall * * * order a presentence investigation and report before * * * imposing community control sanctions or granting probation."[1] This rule facially requires a presentence investigation only as a prerequisite to the imposition of community control, and not as a prerequisite to imposing a prison term. *State v. Davis*, 8th Dist. Cuyahoga No. 95722, 2011-Ohio-1377, ¶ 9. If probation or community control sanctions are not imposed, there is no affirmative obligation to order the report prior to sentencing. *Id.*, citing *State v. Bowman*, 7th Dist. Belmont No. 03-BE-40, 2004-Ohio-6372, ¶ 24; *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94

---

[1]We also note that there is no other statutory authority requiring the trial court to order a presentencing investigation report prior to the imposition of a term of imprisonment on a felony offense. Both R.C. 2951.03 and 2947.06 either require the report prior to the imposition of community control, or make the report discretionary.

(1992). Accordingly, the trial court did not err in proceeding straight to sentencing in light of the fact that the trial court sentenced Rivas to a term of imprisonment and did not impose community control sanctions.

{¶7} Rivas further claims that the trial court should have considered his mental health issues diagnosed after the date of the incident. The record reflects, however, that both defense counsel and Rivas were afforded the opportunity to address the court and offer circumstances for the court's consideration prior to the imposition of sentence. *State v. Richmond*, 8th Dist. Cuyahoga No. 98915, 2013-Ohio-2887, ¶ 32 (both the defendant and his attorney had the opportunity to address the court and provide any information for the court's consideration before imposing the sentence). More important, the trial court was made aware of Rivas's bipolar disorder treatment and expressly considered all other sentencing factors. Rivas's first assignment of error is overruled.

{¶8} In Rivas's second assignment of error, Rivas claims that his trial counsel was ineffective for failing to request the appellant's case be referred to the court's mental health docket. Rivas's argument is without merit.

{¶9} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial

scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

{¶10} Rule 30.1 of the Local Rules of the General Division of the Common Pleas Court of Cuyahoga County provides that the "[m]ental health dockets shall include cases where the defendant has a confirmed serious mental illness[,]" which is defined as the defendant being clinically diagnosed, within the previous six months prior to arraignment, of having a severe mental illness with a psychotic feature. In this case, Rivas was diagnosed with bipolar disorder, but even if facially considering his argument, there was no clinical diagnosis of the bipolar disorder with a psychotic feature as required by Rule 30.1. Rivas's claim was limited to the generic argument that he was diagnosed with bipolar disorder. There is no specificity within this record regarding his diagnosis, much less any indication that the bipolar disorder was accompanied with a psychotic feature. Accordingly, his trial counsel was not deficient for failing to attempt to have Rivas's case referred to the court's mental health docket. Relying on our review of the facts, Rivas would not have qualified for the mental health docket based on the record provided for this appeal. *See State v. Hawthorne*, 8th Dist. Cuyahoga No. 89932, 2008-Ohio-2049, ¶ 24 (a reviewing court is limited to the facts presented upon the record of appeal and cannot consider facts outside that record). Rivas's final assignment of error is overruled.

**{¶11}** We affirm Rivas's conviction and the judgment of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR