[Cite as *State v. Maloney*, 2024-Ohio-3143.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-11-122 |
| | : | O P I N I O N |
| - vs - | | 8/19/2024 |
| | : | |
| MICHAEL LEE MALONEY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-01-0001

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Mary K. Martin, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Michael Lee Maloney, appeals a decision of the Butler County Court of Common Pleas resentencing him on several charges following this court's remand to correct the trial court's failure to merge allied offenses of similar import.

{¶ 2} Appellant was indicted in January 2022 on one count of aggravated burglary

(Count 1) and two counts of felonious assault (Counts 2 and 3). All three counts were accompanied by a repeat violent offender ("RVO") specification under R.C. 2941.149. The charges stemmed from an incident during which appellant trespassed into the victims' home with a bottle of vegetable oil, proceeded to heat the vegetable oil in a pan on the kitchen stove, carried the pan of hot oil into a second-floor bedroom, and threw the pan and oil onto the two victims—a mother and her young child—while they lay sleeping in bed. The victims suffered severe, permanent injuries and significant disfigurement, and both will require ongoing significant surgeries or medical care.

{¶ 3} A jury found appellant guilty on all three counts, and the trial court found him guilty on all three RVO specifications. At sentencing, the trial court found that the aggravated burglary and felonious assault offenses were not allied offenses of similar import and therefore, did not merge for sentencing purposes. The trial court then sentenced appellant to eight years in prison on both Counts 2 and 3, an indefinite prison term of 11 to 16.5 years on Count 1, and a ten-year consecutive term for the three RVO specifications. The trial court ordered that all prison terms be served consecutively for a total, aggregate prison term of 37 to 42-and one-half years in prison.

{¶ 4} Appellant appealed his conviction and sentence to this court, challenging, inter alia, the trial court's failure to merge the aggravated burglary offense into the two felonious assault offenses. We upheld appellant's conviction but reversed the trial court's failure to merge the offenses for sentencing purposes. *State v. Maloney*, 2023-Ohio-2711 (12th Dist.). In so doing, we found that the trial court failed to employ the allied offense analysis set forth in *State v. Ruff*, 2015-Ohio-995. We therefore vacated appellant's sentence and remanded the matter to the trial court solely for resentencing.

{¶ 5} On remand, the trial court held a resentencing hearing on September 14, 2023. The state elected to proceed on the felonious assault offenses and the aggravated

burglary offense was merged. Finding that appellant was not amenable to community control sanctions, the trial court sentenced him to an indefinite prison term of eight to twelve years on the Count 2 felonious assault offense and to a consecutive eight years in prison for the Count 3 felonious assault offense. These prison terms represented the longest prison term and the longest minimum prison term for the respective felonious assault offenses. Thus, appellant was sentenced to an aggregate 16-to-20-year prison term for these offenses.

{¶ 6} The trial court then proceeded to the RVO specifications. Referring to R.C. 2901.01(CC), the court reiterated its finding that appellant was a repeat violent offender. Sentencing appellant under R.C. 2929.14(B)(2)(a), the trial court imposed a ten-year prison term for the RVO specification attached to Count 2 and a ten-year prison term for the RVO specification attached to Count 3. The trial court explained that during the original sentencing it had mistakenly presumed it could only impose one RVO prison term and had overlooked that R.C. 2929.14(B)(2)(c)—a limiting statute—only applied to mandatory RVO sentencing under R.C. 2929.14(B)(2)(b), and not to discretionary RVO sentencing under R.C. 2929.14(B)(2)(a). The trial court sentenced appellant to a maximum, consecutive ten-year prison term for each of the RVO specifications accompanying the felonious assault offenses and ordered that they be served consecutively to the consecutive prison terms imposed for the felonious assault offenses. Thus, appellant was sentenced to an aggregate 36-to-40-year prison term.

{¶ 7} Appellant appeals his sentence, raising three assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO MAXIMUM CONSECUTIVE RVO SPECIFICATIONS.

{¶ 10} Appellant challenges the trial court's imposition of maximum, consecutive

ten-year prison terms for each of the RVO specifications, raising two issues for review.

{¶ 11} R.C. 2953.08(G) defines the standard of review for felony sentencing appeals. *State v. Marcum*, 2016-Ohio-1002, ¶ 21. R.C. 2953.08(G)(2) provides that an appellate court may vacate or modify a felony sentence only if it finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes, including R.C. 2929.14(B)(2)(e), or that the sentence is otherwise contrary to law. "A felony sentence is not clearly and convincingly contrary to law if the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible sentencing range." *State v. Jennings*, 2024-Ohio-383, ¶ 31 (12th Dist.).

{¶ 12} R.C. 2929.14(B)(2) governs RVO specifications sentencing. R.C. 2929.14(B)(2)(b) addresses mandatory RVO sentencing, and R.C. 2929.14(B)(2)(a) addresses discretionary RVO sentencing. R.C. 2929.14(B)(2)(d) provides that an RVO prison term imposed under R.C. 2929.14(B)(2)(a) or (b) shall be served "consecutively to and prior to the prison term imposed for the underlying offense." The trial court imposed sentencing for the RVO specifications under R.C. 2929.14(B)(2)(a). Pursuant to that statute, a trial court may impose upon an offender "an additional definite prison term" of one to ten years, in one-year increments, if five criteria are met. *See* R.C. 2929.14(B)(2)(a)(i)-(v). When imposing a sentence under R.C. 2929.14(B)(2)(a), the trial court "shall state its findings explaining the imposed sentence." R.C. 2929.14(B)(2)(e).

{¶ 13} In his first issue for review, appellant argues that the trial court failed to make the necessary recidivism findings under R.C. 2929.14(B)(2)(a)(iv), instead focusing only on the harm to the victims. As pertinent here, R.C. 2929.14(B)(2)(a)(iv) requires a trial court to find that the longest prison terms or longest minimum prison terms for the

underlying offenses "are inadequate to punish the offender and protect the public from future crime, because the applicable factors under [R.C.] 2929.12 . . . indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism."

{¶ 14} At resentencing, the trial court considered R.C. 2929.12 and the purposes and principles of sentencing under R.C. 2929.11.  Appellant declined to exercise his right to allocution and with it, the opportunity to express remorse for the offenses.  When addressing sentencing for the RVO specifications, the trial court took judicial notice of appellant's prior first-degree felony voluntary manslaughter conviction, based upon an exhibit previously admitted at the original sentencing.  In satisfying the "recidivism findings" under R.C. 2929.14(B)(2)(a)(iv), the trial court noted the "cruel, sadistic nature in which [the] offenses were carried out," the "extreme serious physical harm" that resulted in the female victim being in a coma for 40 days, and "the permanent scarring and damage that was the result of the offense."  Continuing, the court stated,

> given the fact that now I am limited by virtue of the mandate . . . to merely a 16-year sentence, the Court finds that a 16-year minimum stated prison sentence . . . is grossly inadequate to punish Mr. Maloney for his conduct, and based on his conduct in this case as well as the previous conviction for the voluntary manslaughter, the prison terms would be grossly inadequate to protect the public from the future crime and behaviors of Mr. Maloney.

In its resentencing judgment entry, the trial court likewise stated it considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. 2929.12.

{¶ 15} "Similar to the conclusion that 'talismanic' words are not required by the trial court when imposing consecutive sentences under R.C. 2929.14(C)(4), there are no magic words that must be recited by the trial court when making the RVO findings under

R.C. 2929.14(B)(2)(a)." *State v. Watts*, 2017-Ohio-532, ¶ 11 (8th Dist.). "As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, the sentence on the RVO specifications should be upheld." *Id.*; *State v. Shaffer*, 2022-Ohio-2006, ¶ 24 (5th Dist.).

{¶ 16} Upon our review of the record, we find that the trial court considered the appropriate recidivism factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines before sentencing appellant on the RVO specifications.

{¶ 17} In his second issue for review, appellant argues that the trial court erred in imposing multiple RVO prison terms. In support of his argument, appellant cites R.C. 2929.14(B)(2)(c), which provides, "For purposes of division (B)(2)(b) of this sections, two or more offenses committed at the same time or as part of the same act or event shall be considered one offense, and that offense shall be the offense with the greatest penalty." Appellant asserts "he should only have received one sentence under the discretionary RVO subsection" because his "actions were all part of the same act, event and at the same time." Appellant submits it is illogical that an offender subject to mandatory RVO sentencing under R.C. 2929.14(B)(2)(b) would be treated more leniently than an offender subject to discretionary RVO sentencing under R.C. 2929.14(B)(2)(a).

{¶ 18} However, R.C. 2929.14(B)(2)(c) speaks for itself. By its plain language, R.C. 2929.14(B)(2)(c) restricts its application to mandatory RVO sentencing under R.C. 2929.14(B)(2)(b) and does not apply to a trial court's discretionary imposition of RVO prison terms under R.C. 2929.14(B)(2)(a). Appellant was sentenced to RVO prison terms under R.C. 2929.14(B)(2)(a) and therefore, R.C. 2929.14(B)(2)(c) is inapplicable.

{¶ 19} Appellant also cites the phrase "an additional definite prison term" in R.C.

2929.14(B)(2)(a) and its use of a singular noun to support his argument that the legislature intended that an offender be sentenced to only a single RVO prison term. While the language of R.C. 2929.14(B)(2)(a) is clear that only a single RVO prison term may be imposed for a single offense, nothing in the statute limits the trial court's authority to impose an RVO prison term on each of multiple offenses. *See State v. Krug*, 2009-Ohio-3815, ¶ 174 (finding that while the statute only authorizes a single prison term for each RVO specification, nothing in the statute limits the number of specifications when, as in the instant case, the offender is charged with multiple counts of underlying offenses).

{¶ 20} The trial court did not err in imposing maximum, consecutive ten-year prison terms for each of the RVO specifications accompanying the felonious assault offenses. Appellant's first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS.

{¶ 23} Although appellant's sentence was reduced from an aggregate term of 37 to 42-and one-half years in prison to an aggregate term of 36 to 40 years in prison at resentencing, appellant argues that the trial court imposed a harsher sentence on remand by imposing an additional RVO sentence. The same trial judge presided over both sentencing hearings. Appellant asserts that the enhanced sentence was a product of vindictiveness for his successful appeal and violates his due process rights under *North Carolina v. Pearce*, 395 U.S. 711 (1969).

{¶ 24} In *Pearce*, the United States Supreme Court held that a trial court violates due process of law when, motivated by retaliation or vindictiveness for a defendant's successful appeal, the court resentences the defendant to a harsher sentence. *Id.* at 725. Furthermore, a presumption of vindictiveness arises when the same trial judge resentences a defendant to a harsher sentence following a successful appeal. *Id.* at 726.

- 7 -

Subsequently, the Supreme Court limited the presumption in *Pearce* to situations where there is a "reasonable likelihood" that an enlarged sentence was the product of vindictiveness by the trial court. *Alabama v. Smith*, 490 U.S. 794, 799 (1989). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.*

{¶ 25} Although a court may still impose an enhanced sentence on remand, it must demonstrate that the enhanced sentence was not motivated by vindictiveness toward the defendant for exercising his rights. *State v. Seymour*, 2014-Ohio-72, ¶ 8 (12th Dist.). Thus, to ensure that a nonvindictive rationale supports the enhanced sentence, whenever a judge imposes an increased sentence after a successful appeal, the presumption of vindictiveness can be rebutted only by objective information in the record justifying the increased sentence. *Id.*; *Pearce* at 723.

{¶ 26} Upon reviewing the transcript of the September 14, 2023 resentencing hearing, we find that the trial court's imposition of an additional RVO sentence was not motivated by vindictiveness or retaliation for appellant's successful appeal. Although the court may have expressed some dissatisfaction with the outcome of the appeal at the resentencing hearing, it also explained the reasoning for imposing the additional RVO sentence.

{¶ 27} The trial court explained that, at the original sentencing, it had presumed it could only impose a single RVO sentence, regardless of the number of charges against appellant. The trial court stated that after extensively researching the issue and determining that R.C. 2929.14(B)(2)(c)—the limiting statute—was inapplicable here, it had not found any case law that limited its authority to impose more than one RVO sentence under R.C. 2929.14(B)(2)(a). In response to defense counsel's earlier argument that imposing more than one RVO sentence would suggest vindictiveness, the

trial court acknowledged that appellant could argue such on appeal. But the trial court stated:

> I am imposing this sentence for two reasons. First of all, I am imposing this change in the RVO because it was not addressed in the first sentencing, and it was not addressed in the first sentencing, quite frankly, because of oversight. Again, quite frankly, by all parties. By myself, by the State, and by the Defense. So it was never addressed.
>
> Second of all, and again because as the result of the mandate, the potential incarceration time is limited even greater, I do not feel that -- -- not imposing two RVO sentences, I feel again that seriously demeans the impotent -- -- the importance of this case and the impact of this case.
>
> I also feel that this is necessary to protect the public. I made no bones about it at the original sentencing. I find Mr. Maloney to be quite possibly the most dangerous -- -- if not that, then certainly one of the most dangerous human beings I've ever encountered on a personal or professional level. He needs to be kept out of the public for their safety as long as possible.

{¶ 28} The record of appellant's resentencing negates any indication or suggestion that the trial court's imposition of an additional RVO sentence was motivated by vindictiveness or retaliation for appellant's successful appeal. The record shows that the trial court would have likely sentenced appellant to multiple RVO prison terms at the original sentencing hearing had it not mistakenly construed R.C. 2929.14(B)(2)(c) as restricting its ability to do so.

{¶ 29} Appellant's second assignment of error is overruled.

{¶ 30} Assignment of Error No. 3:

{¶ 31} APPELLANT'S SENTENCE IS DISPROPORTIONATE AND EXCESSIVE.

{¶ 32} Appellant argues that his aggregate 36-to-40-year prison term is disproportionate and excessive because the trial court did not address the mitigating factors in R.C. 2929.12. Appellant also laments the trial court's failure to order a

presentence-investigative report ("PSI"). Appellant asserts that the report would have provided "information for mitigating factors" such as appellant's background and character. However, a PSI is mandatory in a felony case only if community control sanctions are imposed or probation is granted. Crim.32.2; *State v. Cyrus*, 63 Ohio St.3d 164, 165-166 (1992); *State v. Rivas*, 2014-Ohio-833, ¶ 6 (8th Dist.). Because the trial court did not impose community control sanctions, its failure to order a PSI was not error.

{¶ 33} In sentencing an offender for a felony, the trial court "shall be guided by the overriding purposes of felony sentencing," which are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 34} When sentencing a defendant, a trial court is required to consider the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302. However, the trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Hunter*, 2018-Ohio-3007, ¶ 14 (12th Dist.). Furthermore, the trial court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing factors. *Id.*; *Arnett* at 215. Merely stating that the trial court considered the sentencing factors is enough. *Hunter* at ¶ 14.

{¶ 35} As stated above, appellant declined to exercise his right to allocution at resentencing. The trial court stated it had considered R.C. 2929.12 and the purposes and principles of sentencing of R.C. 2929.11. The trial court further stated it had

considered appellant's prior first-degree felony voluntary manslaughter conviction and the statement, at the original sentencing hearing, of the father of the female victim relating the ongoing impact of appellant's crimes on the victim. Appellant's crimes were deliberate and calculated and he used his relationship with the victims to facilitate the offenses. The victims suffered severe, permanent injuries and significant disfigurement, and both will require ongoing significant surgeries or medical care. The trial court found appellant's offenses to be "one of the most heinous, sadistic acts" it had encountered.

{¶ 36} Although appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). After reviewing the record, we find no clear and convincing evidence that the court erred in balancing the factors in R.C. 2929.12, and appellant's aggregate 36-to-40-year prison term is neither disproportionate nor excessive.

{¶ 37} Appellant's third assignment of error is overruled.

{¶ 38} Judgment affirmed.


S. POWELL, P.J., and HENDRICKSON, J., concur.