[Cite as *State v. Graves*, 2026-Ohio-2095.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 116086 |
| v. | : | |
| MARLON GRAVES, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-704062-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christine M. Vacha, Assistant Prosecuting Attorney, *for appellee.*

Clarissa A. Smith, *for appellant.*

DEENA R. CALABRESE, P.J.:

{¶ 1} Defendant-appellant Marlon Graves ("Graves") appeals the trial court's denial of his request for a presentence-investigation report. For the reasons stated below, we affirm the trial court's denial of Graves's request for a presentence-investigation report.

**Relevant Facts and Procedural History**

{¶ 2} On or about June 13, 2025, events took place that led to the death of Graves's wife, Angela Madden-Graves ("Angela"). On that morning Graves and Angela were involved in a physical altercation where Graves struck Angela in the head multiple times. Angela was taken to the hospital five hours later and was diagnosed with a brain bleed. Angela died on June 16, 2025.

{¶ 3} Graves was indicted on Counts 1 and 2, murder, both unclassified felonies, and Count 3, felonious assault, a second-degree felony. On January 28, 2026, Graves entered into a negotiated plea agreement with the State of Ohio ("State"). At the beginning of the plea hearing, Graves requested a presentence investigation. The trial court indicated that a presentence-investigation report would not be done and that the case would likely go directly to sentencing after the plea. The trial court also gave Graves a moment to discuss the denial of the presentence-investigation request with defense counsel. Pursuant to the plea agreement, Graves then pleaded to amended Count 1, involuntary manslaughter, a third-degree felony. The remaining murder and felonious-assault counts were dismissed by the State. The trial court sentenced Graves immediately following the plea hearing to 36 months in prison.

{¶ 4} This appeal followed. Graves asserts the following single assignment of error for review:

> The trial court abused its discretion when it denied defendant's request for a pre-sentence investigation report to be prepared prior to sentencing.

**Law and Analysis**

{¶ 5} In his sole assignment of error, Graves asserts that the trial court abused its discretion when it denied his request for a presentence-investigation report to be prepared prior to sentencing.

{¶ 6} Crim.R. 32.2 provides, in part, that

[u]nless the defendant and the prosecutor in the case agree to waive the presentence investigation report, the court *shall,* in felony cases, order a presentence investigation and report *before imposing community control sanctions or granting probation.* The court *may* order a presentence investigation report notwithstanding the agreement to waive the report. In misdemeanor cases the court *may* order a presentence investigation before granting probation.

(Emphasis added.)

{¶ 7} R.C. 2951.03(A)(1) provides, in part, that

[u]nless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report, *no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction* until a written presentence investigation report has been considered by the court. The court *may* order a presentence investigation report notwithstanding an agreement to waive the report.

(Emphasis added.)

{¶ 8} It is well-established that a trial court is not required to order a presentence-investigation report when it imposes a prison term. *See State v. Rivas*, 2014-Ohio-833, ¶ 6 (8th Dist.), *State v. Bonner*, 2012-Ohio-2931, ¶ 12 (8th Dist.); R.C. 2951.03.

{¶ 9} Graves has not put forth any persuasive argument that the trial court erred or that this court should deviate from established law. Graves asserts that the

trial court erred by failing to order a presentence-investigation report because without it the trial court could no longer consider community control or probation and thus could not consider the sentencing factors set forth in R.C. 2929.11 and 2929.12. He further asserts that this means the trial court predetermined that his sentence would be prison. We do not agree. First, Graves has not provided any legal authority to support his assertion that the trial court erred. In addition, Graves does not dispute that the sentence imposed by the trial court is within the sentencing guidelines. Lastly, a review of the record reveals that the parties put sufficient facts on the record during the plea hearing and sentencing for the trial court to determine an appropriate sentence. The trial court indicated that it considered the sentencing factors set forth in R.C. 2929.11 and 2929.12. The record also reveals that the trial court informed Graves that a presentence investigation would not be ordered prior to accepting Graves's plea and Graves chose to go forward with the negotiated plea agreement.

{¶ 10} For the reasons stated above, Graves's sole assignment of error is overruled and the trial court's denial of his request for a presentence-investigation report is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIMOTHY W. CLARY, J., CONCUR